PROCTOR, Appellant, v. SMITH et al, Respondents.

(217 N. W. 178.)

(File No. 6460. Opinion filed December 28, 1927.)

*Frank Vincent,* of Alexandria, and *Miller & Shandorf,* of Mitchell, for Appellant.

*Roy E. Willy,* of Platte, and *Danforth & Seacat,* of Alexandria, for Respondents.

CAMPBELL, P. J. Plaintiff instituted this action, alleging ownership of certain realty by virtue of a warranty deed from one C. E. Proctor, bearing date January 21, 1924, and recorded January 22, 1924. Plaintiff further alleged that on November 5, 1925, defendant Fred R. Smith, as superintendent of banks of the state of South Dakota in charge of the Citizens' State Bank of Alexandria, recovered judgment for some $6,000 against defendant

C. E. Proctor (also known as Cephas E. Proctor), plaintiff's grantor, on which judgment execution was issued, and that the codefendant Moran, as sheriff of Hanson county, had levied said execution upon the real estate in question as the property of the judgment debtor, C. E. Proctor, and the prayer was that execution sale of said real estate be enjoined and that title to the realty be decreed in the plaintiff as against all the defendants, and free and clear of any lien by virtue of the judgment in favor of defendant Smith, superintendent, against C. E. Proctor, and the execution thereon. The defendant Fred R. Smith, by answer and counterclaim, alleged the closing of the Citizens' State Bank of Alexandria on January 20, 1924, and that at that time defendant C. E. Proctor was indebted to said bank, which indebtedness originated in the month of October, 1923, and prior thereto, and which subsequently ripened into the judgment against C. E. Proctor and in favor of Fred R. Smith, superintendent of banks, by virtue of which execution was issued and levied upon the real estate in question in January 1926, as complained of in plaintiff's complaint. The counterclaim further alleged that the judgment debtor, C. E. Proctor, had been wholly insolvent since October, 1923, and prior thereto, and that on the day after the closing of the Citizens' State Bank of Alexandria, of which the said C. E. Proctor was a stockholder and to which he was indebted upon a promissory note and for a stock assessment, C. E. Proctor deeded the real estate in question to the plaintiff—

"without consideration and with intent to hinder, delay, and defraud the creditors of the said C. E. Proctor including this defendant, and that the said plaintiff, R. G. Proctor, had full knowledge of the fraudulent intent on the part of said defendant C. E. Proctor to defraud his creditors, and in particular this defendant, and assisted and aided the said C. E. Proctor in his fraudulent purpose and with intent then and there to hold the said above-described lands in a secret trust for the said defendant C. E. Proctor."

And the prayer of the counterclaim was that the deed from defendant C. E. Proctor to plaintiff be adjudged fraudulent and void and the realty be adjudged subject to the lien of defendant Smith's judgment. By way of reply, plaintiff denied the various allegations of the counterclaim, and also appears to have departed

from his claim of absolute ownership of the realty in question as set out in the complaint, and makes the following allegation with reference to the conveyance from C. E. Proctor to himself:

"And further alleges that the deed was executed by the said C. E. Proctor to this plaintiff for a valuable consideration, and that the same was executed to this plaintiff as security for money owing to this plaintiff from the said defendant C. E. Proctor, and also as security for debts of the said C. E. Proctor, for which this plaintiff was liable as an indorser, and that said debts have not been paid and are still due and owing from the said C. E. Proctor, and that the value of the property conveyed was not disproportionately small to the amount of the debt secured by such conveyance."

After the conveyance by C. E. Proctor to plaintiff, and before the institution of this action, an agreement was made either by C. E. Proctor or by the plaintiff to sell the realty in question to the defendant Mowry, who paid $1,000 on the purchase price, agreed to assume a mortgage of $8,000 which was of record against the realty, and to pay a balance of $3,304.47. After the commencement of this action, the plaintiff, the defendant Fred R. Smith, superintendent of banks, the defendant C. E. Proctor, and the defendant Mowry, made a written stipulation approving of the sale to Mowry, and agreeing that Mowry pay the balance of $3,304.47 to the clerk of courts of Hanson county, which money should go to the plaintiff if he prevailed in the action, whereas, if the defendant Smith prevailed on his counterclaim, a judgment in his favor should not be a lien upon the realty, but he should receive said money deposited with the clerk and should be entitled to a personal judgment against the plaintiff for the $1,000 previously paid by Mowry, which said payment of $1,000 had come to be represented by a note for $1,000 given by C. E. Proctor to plaintiff, R. G. Proctor, dated August 22, 1925, secured by chattel mortgage.

Upon the issues joined by the pleadings, the cause came on for trial before the court without a jury, and the learned trial judge made findings of fact in favor of the defendant Fred R. Smith, superintendent of banks, substantially in accordance with the allegations of his counterclaim, and found that C. E. Proctor had been insolvent ever since the year 1920, with liabilities many thousand dollars in excess of his assets, and with reference to the

conveyance of the realty in question by C. E. Proctor to the plaintiff found specifically as follows:

"That at the time said deed was executed by the defendant C. E. Proctor to the plaintiff, R. G. Proctor, there existed and was a secret understanding between the defendant C. E. Proctor and the plaintiff, R. G. Proctor, that the defendant C. E. Proctor was still the owner of said land, and that the said C. E. Proctor should have the right to use, enjoy, and possess said land, and all rents, uses, and profits thereof, and to sell the same at such price as the defendant C. E. Proctor might agree to accept, and to receive, collect, and use all of the income of said premises and all of the purchase price received in the excess of the amount of the first mortgage on said premises, and that the plaintiff, R. G. Proctor, should secretly hold said land in trust for the defendant C. E. Proctor. That the said conveyance of land involved in this action from the said C. E. Proctor to the plaintiff, R. G. Proctor, was made for the purpose of hindering, delaying, and defrauding the creditors of the said C. E. Proctor, and in particular the defendant F. R. Smith, superintendent of banks of the state of South Dakota, in charge of the Citizens' State Bank of Alexandria, S. D."

"That the plaintiff R. G. Proctor during all of said time since 1920, was acquainted with the financial condition of the defendant C. E. Proctor, and had full knowledge of the fraudulent intent on the part of the defendant C. E. Proctor to defraud his creditors and assisted and aided the said defendant C. E. Proctor in executing said conveyance to the property in question, with intent to hinder, delay, and defraud the creditors of the said C. E. Proctor."

The findings of fact also recognized the stipulation above mentioned regarding the sale to Mowry, and conclusions of law and judgment were entered thereon adjudging that the clerk of courts deliver to the defendant Fred R. Smith, as superintendent of banks, the money in the amount of $3,304.47 paid him by Mowry, and also the promissory note for $1,000 and chattel mortgage securing the same hereinbefore referred to.

From this judgment and the order denying his motion for a new trial, plaintiff has appealed.

The substantial controversy between appellant and respondent in this court is as to the sufficiency of the evidence to support the

findings of the learned trial judge, particularly those with reference to the fraudulent character of the conveyance from C. E. Proctor to plaintiff on January 21, 1924. We have ordered up the original record in this case and have examined the testimony in detail and with care. It is not entirely free from conflicts and to set out in detail in this opinion the various items of testimony pro and con would not be profitable. It is sufficient to say that, after a careful reading of the record, we are of the opinion that the evidence preponderates in favor of the findings of the trial court; we certainly are not able to say that the evidence preponderates against those findings.

It therefore follows, according to the settled law of this jurisdiction, that the judgment and order appealed from must be and they are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.